

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Crippled Children Division
Vocational Rehabilitation Division
State Department of Education
Austin, Texas

Attention: Mr. James L. Tenney

Dear Sir:

Opinion No. O-4369
Re: Whether you may certify re-
ceipt of a demand note for
$627.50 signed by G. O. Neal
in repayment of medical ser-
vices and hospitalization
furnished to his children
by your division.

    We have your request for an opinion on the above question. You ask:

> ". . . as to the legality of an agent of
> the State, acting in the capacity of an employee
> of the Crippled Children's Division of the State
> Department of Education, signing a demand note
> in order to recover an amount expended by the
> State Division in providing treatment for Janice
> and Odell Neal, children of Mr. G. O. Neal of
> Route 2, Whitewright, Texas, Grayson, County."

To your letter you attach the letter from Webb & Webb, Attor-
neys for G. O. Neal, the note signed by Mr. G. O. Neal and
the certificate which Webb & Webb have asked you to execute.
As we understand the letter of Webb & Webb addressed to you
on the date of March 13th, they are not asking that you sign
the demand note but merely that you acknowledge receipt there-
of by means of the certificate.

    If your division has in fact paid out the sum of
$627.50 "for medical services and hospitalization for Janice

and Odell Neal rendered by Dr. Mills at Baylor Hospital of
Dallas, Texas," and if you understand that the treatment ren-
dered for these children was made necessary by burns which
were caused by an explosion, then in that event, we see no
objection to your signing the certificate and returning the
same to Webb & Webb in order that they might enter the same
in evidence to establish the amount of medical and hospitali-
zation expenses rendered necessary by reason of the injury
to these children.

Article 2675j, Vernon's Civil Statutes of Texas,
which prescribes the duties of your division, makes no pro-
vision for the recovery of medical and hospitalization ex-
penses furnished by your division, but we know of no reason
why a parent of children who have received aid from your divi-
sion may not voluntarily repay the amount of such expenditure.
Section 7 of said Act provides in part:

"The State Department of Education is au-
thorized to receive gifts and donations for this
work. All gifts and donations for crippled child-
ren's work shall be paid into the State Treasury
and the same are hereby reappropriated for the
purposes of this Act."

While you would have no method of enforcing repay-
ment of these expenses by Mr. G. O. Neal, we know no reason
why you should not accept his demand note in the sum of
$627.50, and if, as, and when he pays the same deposit the
money in the State Treasury to the proper fund as indicated
by Section 7 of Article 2675j quoted above.

We are returning to you herewith the $627.50 note
signed by G. O. Neal, the letter from Spearman Webb to you,
dated March 13, 1942, and the certificate which he has asked
you to sign.

                                        Yours very truly

APPROVED APRIL 8, 1942              ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers
                                    By
FIRST ASSISTANT                         /s/ Walter R. Koch
ATTORNEY GENERAL                            Assistant

WRK:db

Enclosures

APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN